UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BACOMPT SYSTEMS, INC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1115-RLY-WTL |
| | ) | |
| DAVID C. PECK and ANGELINA PECK, | ) | |
|     Defendants. | ) | |

### ENTRY ON DEFENDANT ANGELINA PECK'S
### MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Plaintiff, Bacompt Systems, Inc. ("Bacompt"), is a closely held Indiana Corporation. It claims that two of its shareholders, Defendants David and Angelina Peck, "knowingly and intentionally exerted unauthorized control over Bancompt's property." More specifically, Plaintiff claims that over the course of more than three years the husband and wife team stole more than $62,000.00 from the corporation through a scheme where David Peck, as President of the company, wrote checks to Angelina and others, forging the name of the only person who was actually authorized to write checks from those corporate accounts. The checks were allegedly cashed by the Pecks.

Mrs. Peck has challenged this court's *in personum* jurisdiction. Pursuant to Fed. R. Civ. P. 12(b), she has moved for dismissal because she has never worked, lived, owned property or done business in Indiana. In the alternative, she states that the allegations of the Complaint are insufficient to state a claim or so vague as to require a more definite

-1-

statement of the claim. Bancompt contends that Mrs. Peck's conduct amounted to doing business or at least a persistent course of conduct that brought her personal benefit from property damage caused in Indiana, either of which would subject her to the jurisdiction of Indiana courts under Indiana's long-arm statute, and by extension subject her to this court's jurisdiction as well.

A federal district court exercising diversity jurisdiction has personal jurisdiction over a non-resident defendant only if a court of the state in which it sits would have such jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003). In Indiana, Trial Rule 4.4(A) serves as the long-arm statute and helps to set the limits of personal jurisdiction. After setting forth eight enumerated bases for jurisdiction, the rule as amended in 2003 states: "In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." The addition of that quoted language in 2003 reduced the analysis of personal jurisdiction under Indiana law to the issue of whether or not the exercise of jurisdiction over the person comports with constitutional due process requirements. *LinkAmerica Corp. v. Albert,* __ N.E.2d __, 2006 WL 3491623 (Ind. Dec. 5, 2006).

Due process requires that a non-resident defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463

(1940).  Personal jurisdiction under Indiana Trial Rule 4.4(A) may be either general or specific. *LinkAmerica Corp. v. Albert*, 2006 WL 3491623 at *3.  General jurisdiction makes a non-resident defendant amenable to suit within a particular forum, regardless of the subject matter of the suit, based on the defendant's continuous and systematic contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).  Specific jurisdiction makes a non-resident defendant amenable only to suits arising out of or related to a defendant's particular connection with a forum. *Id.* at 414.  Specific jurisdiction may be based on relatively modest contacts with the forum if those contacts have a substantial connection to the plaintiff's action. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir.1997); *Anthem Insurance Cos. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1235 (Ind.2000).

As this court sees it, the personal jurisdiction issue in this particular case boils down to whether or not Plaintiff can use a conspiracy theory to justify specific personal jurisdiction over Mrs. Peck.  "The 'conspiracy theory' of personal jurisdiction is based on the 'time honored notion that the acts of [a] conspirator in furtherance of a conspiracy may be attributed to the other members of the conspiracy.'" *Textor v. Board of Regents of Northern Illinois University*, 711 F.2d 1387, 1392 (7th Cir. 1983)(quoting *Gemni Enterprises, Inc. v. WFMY Television Corp.*, 470 F.Supp. 559 (M.D.N.C. 1979)).  Recently, a sister court examined the issue of whether the "conspiracy theory" could be

used to establish personal jurisdiction under the Illinois long-arm statute which, like the amended Indiana long-arm statute, extends its reach to the constitutional limits of due process. In *Flag, Co. v. Maynard*, 376 F.Supp.2d 849, 854-55 (N.D. Ill. 2005) the district court discussed the applicability of the "conspiracy theory" and, noting other previous published and unpublished trial court decisions in agreement, concluded that the theory was a constitutionally acceptable means of establishing jurisdiction. It opined that in order to satisfy due process requirements, a plaintiff must allege both an actionable conspiracy and a substantial act in furtherance of the conspiracy performed in the forum. *Id*. This court agrees with the opinion in *Flag, Co.*, and will review the Plaintiff's Complaint to determine if the claims, as alleged, are sufficient for this court to have personal jurisdiction over Mrs. Peck.

Under Indiana law, a civil conspiracy "is a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not itself unlawful, by unlawful means." *Indianapolis Horse Patrol, Inc. v. Ward*, 217 N.E.2d 626, 628 (Ind. 1966). While there is no recognized cause of action for a "civil conspiracy" in Indiana, the state does recognize an action for damages resulting from a conspiracy. *Goetzke v. Ferro Corp.*, 280 F.3d 766, 777 n.9 (7th Cir. 2002)(citing *Hutnington Mortgage Co. v. Debrota,* 703 N.E.2d 160, 168 (Ind. App. 1998)). Said another way, it is an alternative manner of asserting concerted action in the commission of a tort. *Boyle v. Anderson Fire Fighters Association*, 497 N.E.2d 1073, 1079 (Ind. App.

1986).

Ind. Code § 34-24-3-1 codifies theft as an intentional tort and authorizes the recovery of treble damages. Bacompt has adequately plead an actionable claim of theft arising out of a conspiracy involving both of the Defendants. Consequently, that portion of Mrs. Peck's motion which seeks dismissal for failure to state a claim is without merit. However, as previously noted, due process requires that the assumption of personal jurisdiction occur only if there is an allegation of both an actionable conspiracy and the advancement of that conspiracy through a substantial act performed within the state by one of the conspirators.

Bacompt has alleged that David Peck was its President and worked out of its Hamilton County, Indiana offices. Bacompt also claims that he forged the signature of its principal shareholder on Bacompt checks issued to Angelina Peck and others, which were later cashed or signed over to the couple and the funds used for unauthorized purposes. Though there is no specific allegation in the Complaint that David Peck was in Indiana when he forged the signatures on Bacompt checks, it can be inferred from the pleadings. Angelina Peck's Motion to Dismiss states that the Complaint is inaccurate in its charge that Mr. Peck worked out of the company's Hamilton County, Indiana offices. However, she submitted no sworn testimony to that effect and the court must treat the allegations of the Complaint as true for purposes of evaluating a motion to dismiss for lack of personal jurisdiction. *Rueth v. United States Environmental Protection Agency,* 13 F.3d 227, 229

(7th Cir. 1993). If it is determined later that the allegation that Mr. Peck managed the company from Indiana is baseless, then the provisions of Fed. R. Civ. P. 11(b) could come into play in addition to a likely dismissal of the claim.

That leaves the question of whether Mrs. Peck is entitled to a more definite statement of the claim against her. She argues that the claim of "theft" and the allegations that she "benefitted" from the forged checks are so vague and ambiguous as to make it impossible for her to deny or admit without further specificity. We agree that the Complaint could have contained a bit more "flesh", perhaps the addition of some of the details surrounding her actual negotiation of the forged checks as described in Bacompt's supporting brief. However, we can not say that the Complaint failed the very liberal federal pleading standards for putting a party on notice of the claim against her. No exhaustive recitation of facts or even the elements of the claim need be a part of a complaint. *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). In order for a defendant to be entitled to a more definite statement of the claims or allegations being asserted, she must be unable to respond to the complaint as it stands. Fed. R. Civ. P. 12(e). The court does not find that to be the case here.

Accordingly, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim or in the Alternative for a More Definite Statement (**Document #15**) is DENIED.

IT IS SO ORDERED this 5th day of March, 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:
April M. Byrd
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103

Deborah J. Caruso
DALE & EKE
dcaruso@daleeke.com

Gregg S. Gordon
DALE & EKE, P.C.
ggordon@daleeke.com

Ethan N. Halberstadt
HALBERSTADT CURLEY LLC
ehalberstadt@halcur.com


Benjamin M. Mather

PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103

Daniel David Trachtman
WOODEN & MCLAUGHLIN LLP
dtrachtman@woodmaclaw.com

John D. Waller
WOODEN & MCLAUGHLIN LLP
jwaller@woodmaclaw.com